CHRISTOPHER F. TAUTPHOEUS, Appellant, *v.* HARBOR AND SUBURBAN BUILDING AND SAVINGS ASSOCIATION, Respondent.

1. BUILDING AND SAVINGS ASSOCIATION — WHEN DATE OF CERTIFICATE CAN BE CORRECTED IN ACTION AT LAW TO RECOVER AMOUNT DUE ON CERTIFICATE. Where it appears by uncontradicted evidence, in an action at law, brought upon a certificate for ten shares of stock of a building and savings association, to recover the amount claimed to be due thereon as matured stock, that such certificate, with others, was issued in December, 1899, to replace a certificate for twenty-five shares, issued in February, 1897, which had been surrendered by the original holder to be split up so that ten shares thereof could be sold to the plaintiff and a certificate thereof issued to him, and that the date on the latter certificate was, by an error, made December 1, 1899, instead of February 3, 1897, so that the stock could not mature until seventy-two months from December 1, 1899, instead of seventy-two months from February 3, 1897, the date of the original certificate, such erroneous date may be corrected and the action proceed thereon; the plaintiff is not required to have recourse to a suit in equity to reform the certificate and to recover upon it as so reformed.

2. SAME — CERTIFICATE OF GUARANTY INDORSED UPON BACK OF CERTIFICATE MUST BE READ WITH ARTICLES OF ASSOCIATION — WHEN ARTICLES ARE OBSCURE AND INCONSISTENT WITH GUARANTY THE LATTER MUST PREVAIL. While the certificate of guaranty, printed upon the back of a certificate of stock in a building and savings association, and the articles of association and by-laws of the association must be taken together as the contract between the holder of the certificate and the association, yet, where the articles of association contain uncertain, obscure and indefinite provisions as to the maturity of the stock covered by the

certificate, which are absolutely inconsistent and impossible to be harmonized with the guaranty on the back of the certificate, which states that the principal sum of such certificate is payable in United States gold coin on thirty days' notice at any time after seventy-two months from date; the guaranty indorsed upon the certificate must prevail and the holder of the certificate is entitled to hold the association to its contract, that the certificate was payable at any time after the expiration of seventy-two months from its date on a written notice of thirty days, and to recover the amount named therein with interest.

*Tautphoeus* v. *Harbor & Suburban Building & Savings Assn.*, 104 App. Div. 451, reversed.

(Argued May 18, 1906; decided June 5, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 18, 1905, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

The plaintiff appeals from the order and judgment, stipulating that upon affirmance by this court judgment absolute may be rendered against him.

This action is brought on a certificate of guaranteed, six per cent income stock, issued by the defendant, a building and savings association, which reads as follows:

" Number                                              Shares
" 1,504–A                Shares $100.00 each.              10.
" HARBOR AND SUBURBAN BUILDING AND SAVINGS ASSOCIA-
                        TION OF NEW YORK.

    " Chartered 1888.   Operating under New York State
                        Banking Laws.

" This certifies that Christopher F. Tautphoeus of Manhattan Boro, County of New York, State of New York, is a member of the Harbor and Suburban Building and Savings Association, and has subscribed for and is the owner of Ten shares of Guaranteed 6% Income Stock therein of the par or maturity value of One Hundred Dollars each. This Certificate is issued and accepted subject to the Articles of Association By-laws and Terms and conditions expressed on back hereof and is transferable only on the books of the

Association, after its surrender properly assigned. Given under the Seal of the Harbor and Suburban Building and Savings Association at New York City this first day of December, 1899.

"ALEXANDER S. BACON,

"*President.*'

"[SEAL]   WM. OPPENHEIM,

"*Secretary.*"

On the back of the certificate appears the following guaranty:

"This certificate is guaranteed

"Against any assessments.

"As to payment of dividends of $1.50 per share, on the first days of January, April, July and October of each year.

"As to payment of principal sum in United States Gold Coin of standard weight and fineness, or its equivalent, on thirty days' written notice given by the holder to the Secretary, at the Principal Office of the Association, at any time after 72 months from date hereof.

"As equal to a payment of cash for its face value in the purchase of any piece of real property from the Association."

The back of the certificate also contains blank forms of assignment and withdrawal receipt unnecessary to quote.

*Hector M. Hitchings* for appellant. The court will construe the contract strictly against the scriveners. (*Gillet* v. *Bank of America*, 160 N. Y. 549; *Rickerson* v. *H. Ins. Co.*, 149 N. Y. 307.) The court will construe the contract so that it shall not become a trap for the unwary or a fraud on the innocent. (*Hoffman* v. *Etna Ins. Co.*, 32 N. Y. 405.) The court below erred in deciding that defendant had a right to read certain provisions of its by-laws into the plain terms of the contract appearing on the face of plaintiff's certificate, and thus completely nullify the promissory force and effect of its agreement. (*Vought* v. *E. B. & L. Assn.*, 172 N. Y. 508; 177 N. Y. 550; *People* v. *N. Y. N. B. & L. Assn.*, 95 App. Div. 243; *Beach* v. *Supreme Tent*, 177 N. Y.

105.)  The certificate in suit excludes absolutely any provisions of the articles of association, by-laws or terms and conditions except those expressed upon the back of such certificate. (*Rickerson* v. *H. Ins. Co.*, 149 N. Y. 307; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Beach* v. *Supreme Tent*, 177 N. Y. 105.)

*Alexander S. Bacon* for respondent.  A court of law cannot reform a written instrument in a material point by correcting the date so as to make the debt due and thus give the plaintiff a cause of action. (*Fairchild* v. *Lynch*, 10 J. & S. 265; *De Bussierre* v. *Holladay*, 4 Abb. [N. C.] 111; *Schettiger* v. *Hopple*, 3 Greene Cas. [Penn.] 54; *Rayburn* v. *Deaver*, 8 Mo. 104; *Savage* v. *Berry*, 3 Ill. 545; *Lewiston* v. *Gange*, 89 Me. 395; *M. Ins. Co.* v. *Jaynes*, 87 Ill. 199; *Penny* v. *Gillett*, 7 Wkly. Dig. 101; *Reubens* v. *Joel*, 13 N. Y. 488; *Dalton* v. *Vandeveer*, 8 Misc. Rep. 484.)  The charter and by-laws are a part of the contract. (*Englehart* v. *F. W. P. D. S. & L. Assn.*, 148 N. Y. 282; *Shout* v. *C A. S. A. & L. Assn.*, 11 Misc. Rep. 454; *People* v. *A. L. & T. Co.*, 172 N. Y. 371; *Lahey* v. *Lahey*, 174 N. Y. 146; *C. S. & A. Assn.* v. *Read*, 93 N. Y. 474.)

Edward T. Bartlett, J.  This action is brought on a certificate of guaranteed six per cent income stock, issued by the defendant, dated December 1st, 1899.  A copy of the certificate is printed above.  The plaintiff's contention is that under the guaranty printed on the back of the certificate the stock is due and payable at any time after seventy-two months from date by its express terms; that the date of the certificate is an error and should have been February 3rd, 1897, instead of December 1st, 1899.  If the certificate properly bears date December 1st, 1899, this action was prematurely brought; if the correct date is February 3rd, 1897, the seventy-two months set forth in the contract of guaranty had expired before the summons was served herein.  This question of date lies at the foundation of the action.

The defendant makes the technical claim that this is an

action at law and the alleged erroneous date of the certificate cannot be changed; that the proper remedy of the plaintiff is a suit in equity to reform the certificate and to recover upon it as so reformed.     In the case at bar there is no disputed question of fact.

It appears without contradiction by plaintiff's evidence that one George V. Morton was the owner of a certificate of the defendant for twenty-five shares, par value $2,500.00, which was dated February 3rd, 1897; that on or about December 1st, 1899, he surrendered this certificate to the defendant to have the same split up; the result was that a certificate for ten shares was issued by the defendant and is in part a duplicate of the certificate for twenty-five shares so surrendered and dated February 3rd, 1897.     This duplicate certificate was transferred by Morton to the plaintiff and is the one now sued upon.

The evidence of the defendant, which covers less than two printed pages of the record, not only fails to contradict the facts as established by plaintiff's witnesses, but is on the contrary confirmatory.     William Oppenheim, the secretary of the defendant and as a witness for the defendant, testified: "I remember the circumstance of the certificate, Plaintiff's Exhibit 3, being exchanged for another.     The old certificate was cut up."

This is clearly an action at law, the trial of which was begun before a justice of the Supreme Court and a jury. After a colloquy between the court and counsel before taking testimony, it was agreed that the jury should be discharged and the issue tried by the court.     Long findings were made and the learned trial justice passed upon requests to find.     Thereupon judgment was entered in favor of the plaintiff.     The Appellate Division reversed the judgment upon the law and facts and ordered a new trial.     The plaintiff thereupon appealed to this court, stipulating for judgment absolute in the event of affirmance.

As the facts in this case are undisputed we are of opinion that the learned trial justice was justified, although sitting in a court of law, to find as he did, as follows: " VI. That the

1906.]    TAUTPHOEUS *v.* H. & S. B. & S. ASSN.    **313**

N. Y. Rep.]    Opinion of the Court, per EDWARD T. BARTLETT, J.

date on the certificate so, as aforesaid, issued to this plaintiff on December 1st, 1899, was by an error made December 1st, 1899, instead of February 3rd, 1897, which was the true date thereof, when said certificate was first issued, and that the seventy-two (72) months from the date of the original certificate expired on the 3rd day of February, 1903, at which time this plaintiff became entitled to a repayment of the entire principal sum of said bond, to wit: One thousand ($1,000.00) Dollars, and any and all dividends unpaid on the same."

The certificate being dated February 3rd, 1897, and the action properly brought, we reach the important question in the case. The defendant insists that the plaintiff, as the holder of the certificate in question, is bound not only by the certificate of guaranty printed upon the back of the stock certificate, but also by the articles of association and by-laws as recited on the face of the certificate. The plaintiff argues that owing to a lack of punctuation on the face of the certificate it is not possible to read that the articles of association and by-laws are a part of the contract, for the reason that they are not printed on the back of the certificate. In other words, the plaintiff's contention is that the face of the certificate, properly read as punctuated, states that the certificate is issued and accepted subject to the articles of association, by-laws and terms and conditions expressed on the back thereof. We are of opinion that this contention is unsound, as it is clear that the articles of association and by-laws formed a part of the contract entered into by the plaintiff with the defendant when he purchased his certificate of stock.

In this we differ in opinion from the learned trial justice, who refused to find, at the request of the defendant, that a certain portion of section B of article 18 of the articles of association of the defendant was a part of the contract between the parties. That portion reads as follows: "All withdrawals shall be subject to such terms and conditions relative thereto as shall be expressed in these Articles, the By-laws of the Association and Resolutions of the Board of Directors, and the Certificate of Shares, provided, however,

that all certificates sought to be withdrawn must be filed with the Secretary; * * * thirty days' written notice of intention to withdraw may be required to be given therewith. * * * Payments shall be made in the order of the applications for withdrawals, but the Association shall not be required to pay out on withdrawing or matured stock more than 'one-half of the amount received from dues and stock payments in any month.' "

It, therefore, follows that reading into the contract the articles of association, as insisted upon by defendant, we have therein utterly inconsistent provisions impossible to be read together and harmonized. The certificate of guaranty printed upon the back of the stock certificate states that the principal sum is payable in United States gold coin on thirty days' notice *at any time after 72 months from date.* The provisions of the articles of association already quoted provide that " payments shall be made in the order of the applications for withdrawals, but the Association shall not be required to pay out on withdrawing or *matured* stock more than ' one-half of the amount received from dues and stock payments in any month.' " We thus have in that portion of the contract contained in the stock certificate a definite time fixed for the payment of matured stock. This is the provision that a purchaser of the stock has placed before him; he may or may not have his attention called to the articles of association, which contain a clause that provides for a time of payment impossible of definite ascertainment even by the experienced officers of the association. The extract from the articles of association quoted above, from defendant's requests to find at Trial Term, discloses that not only are the articles of association and by-laws a part of the contract, but it is also subject to resolutions of the board of directors. A more uncertain and obscure provision it is difficult to imagine. If it was the intention of the defendant to pay off the plaintiff's matured certificate only at the indefinite time provided by the articles of association, then there is no possible justification in printing upon the back of the certificate a positive guaranty

that it was payable at any time after seventy-two months from date. The guaranty is wholly misleading and absolutely inconsistent with the articles of association. If the conditions of payment contained in the by-laws had been printed upon the back of the certificate in the place of the absolute guaranty, a purchaser would enter into the contract with a full knowledge of all its uncertain provisions. If, indeed, the absolute guaranty of payment printed on the back of the certificate had been omitted and the articles of association were made a part of the contract, then the purchaser would naturally examine them to ascertain when his certificate was payable.

We have presented under this state of facts the single question whether these inconsistent provisions of the contract can stand together and be enforced according to their letter and spirit. We are of opinion that it is impossible to reconcile the guaranty and the articles of association, and that the plaintiff is entitled to hold the defendant to its contract, that this certificate was payable at any time after the expiration of seventy-two months on a written notice of thirty days.

The counsel for plaintiff insists that our decision in this case is controlled by *Vought* v. *Eastern Building & Loan Association* (172 N. Y. 508), while the defendant's counsel argues that the case is distinguishable from the one at bar. We are of opinion that the *Vought* case presented a state of facts differing in many respects from the one we are now considering. It is, however, to be observed that there is a kindred principle involved in the two cases. In the case cited this court stated, among other things, in its opinion, as follows: "At the threshold of this investigation we find an absolute and unqualified promise upon the part of the defendant to pay to each of the holders of the stock owned by the plaintiff the sum of one hundred dollars for each share at the end of seventy-eight months from the date of the certificate, and also an indorsement thereon of the actual time when the shares were to mature." After commenting upon the various provisions of the by-laws that were urged by defendant as qualifying this absolute promise, the opinion further states: " If such change

or modification is wrought, it can only be upon the ground that the provisions of the contract relied upon by the defendant are inconsistent with the promise to pay at the time named, and clearly show that the intention of the parties was that such payment should be made only in the event that upon the shares owned by the plaintiff there had been paid a sum which, together with the profits apportioned to them, would amount to the face of the shares. In other words, the defendant's contention is that these provisions were sufficient to change an absolute promise to pay into a conditional one, dependent upon the success of its enterprise."

We have in the case before us precisely the same situation presented on a different state of facts. In the case cited it was argued that if the construction was adopted that led to the absolute payment of the certificate at the time when it was due upon its face, it would affect the responsibility of the defendant and possibly result in its bankruptcy. The opinion states, in answer to this suggestion in regard to the defendant, as follows: "It is better that it should fail than that it should continue to hold out false hopes to investors who may not only be deprived of their promised profits, but may ultimately lose the principal as well."

No such suggestion is made in the case at bar by counsel for defendant in regard to the strict enforcement of this contract of guaranty, and we do not intend to intimate that the responsibility or solvency of the defendant as a going association will be placed in jeopardy by our decision.

We are, therefore, of opinion that there is now due and owing by the defendant to the plaintiff the sum of one thousand dollars, with interest.

The order and judgment of the Appellate Division appealed from should be reversed; the judgment of the Special Term should be affirmed, with costs to the plaintiff in all the courts.

Cullen, Ch. J., Haight, Hiscock and Chase, JJ., concur; Gray and O'Brien, JJ., absent.

Ordered accordingly.